IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS NEVIUS,
Appellant,
vs.
WARDEN, R. BAKER; AND THE STATE
OF NEVADA DEPARTMENT OF
CORRECTIONS,
Respondents.

No. 68047

FILED

AUG 1 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is a pro se appeal from a district court summary judgment in a civil rights action. Seventh Judicial District Court, White Pine County; Gary Fairman, Judge.

Appellant filed a complaint alleging that respondents violated state law and his constitutional rights by assigning him to a double cell. The district court granted summary judgment in favor of respondents, and appellant appeals. Having reviewed the appeal statement and record, we perceive no error in the district court's summary judgment as to appellant's statutory and administrative code claims and his Americans with Disabilities Act claim. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (holding that this court reviews summary judgments de novo and that summary judgment is appropriate if the pleadings and other evidence on file, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute and that the moving party is entitled to judgment as a matter of law). The statutes cited by appellant in support of his claim that state law requires that he be placed in a single cell do not support his argument. *See* NRS 444.335 (providing the Division of Public and

16-24865

Behavioral Health the authority to supervise sanitation and safety in prisons); NAC 211.220 (applicable to city and county jails, not state prisons). And appellant has not shown that respondents excluded him from participation in or denied him the benefits of services, programs, or activities or subjected him to discrimination based on his disability. *See* 42 U.S.C. § 12132 (defining discrimination and other prohibited conduct under the Americans with Disabilities Act). Thus, we affirm the district court's summary judgment on these claims.

We conclude, however, that summary judgment on appellant's 42 U.S.C. § 1983 claim was improper. Genuine issues of material fact remain as to whether respondents acted with deliberate indifference in failing to have appellant evaluated for a housing accommodation in light of his documented mental disability and significant deficits in his adaptive functioning skills, socialization skills, and living skills. *See Butler ex rel. Biller v. Bayer*, 123 Nev. 450, 459, 168 P.3d 1055, 1062 (2007) (requiring a plaintiff seeking to establish deliberate indifference to show that the defendants knew of and disregarded an excessive risk to the plaintiff's health or safety); *see also Wood*, 121 Nev. at 729, 121 P.3d at 1029. Although the district court concluded that appellant made no attempts to obtain such an evaluation, the record shows that respondents consistently directed appellant to seek mental health reclassification even though appellant never asserted a mental health issue and instead requested a psychological evaluation based on his documented intellectual disability and limited ability to adapt. Thus, as the record contains evidence sufficient to create a question of fact as to whether respondents disregarded excessive risks to appellant's health or well-being by denying his requests for an evaluation to determine his proper housing

classification, we reverse the district court's summary judgment on appellant's 42 U.S.C. § 1983 claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Gary Fairman, District Judge
Thomas Nevius
Attorney General/Carson City
White Pine County Clerk